RUFUS J. SMITH *vs.* METROPOLITAN RAILROAD COMPANY.

Suffolk.   March 6. — 10, 1884.   FIELD, J., did not sit.   DEVENS & COLBURN, JJ., absent.

In an action for personal injuries, an extract from a paper signed by the plaintiff's attending physician, containing a statement tending to contradict his subsequent testimony at the trial, may be read to the jury, the paper itself having been excluded; and the fact that the paper is also signed by a physician in the employ of the defendant is immaterial.

TORT, for personal injuries occasioned to the plaintiff, on March 3, 1882, by a car of the defendant corporation being driven against the plaintiff's wagon, from behind, whereby the plaintiff was thrown from his wagon, and injured. The defendant denied negligence on its part, and alleged a want of care on the part of the plaintiff.

At the trial in the Superior Court, before *Knowlton*, J., in May, 1883, the plaintiff testified as to the manner in which the injury was received, and as to the nature and extent thereof.

Dr. Towle, called for the plaintiff, testified that he attended the plaintiff on the day of the injury, and had attended him ever since. After stating the nature of his injuries at the time, he testified as follows: " About two months after his injury, I made an examination of him with Dr. Nichols of the railroad company. The external injuries had recovered and the bruises had healed, so far as could be seen; there were no marks of disease externally, except a little redness of skin where the skin had been broken by the injury. He was still very lame, unable to straighten up, and complained of a good deal of pain in the hip, back, and knee. He was on a crutch. I don't think that at that time there was any tenderness of the back discoverable, — that was very apparent, at any rate. After the examination with Dr. Nichols, I saw the plaintiff occasionally, continuing the treatment of liniments and counter irritants for his back, he complaining still of the pain in this portion of his back, following down the hip and into the knee. As he began to move around more about his business, the leg grew worse, and has certainly since the first of the year been constantly growing worse. He is not as well now as he was three or six months ago, and has

not been as well since he attempted to do more work and since he has exercised the leg more. Considering him as I knew him before he was hurt, taking the history of his case since he was hurt, and considering his present condition, I do not think he will ever recover. He is not able to do ordinary work, and I see no reason to suppose that he ever will be."

On cross-examination, Dr. Towle testified : " I do not think there was any concussion of the spine, but the plaintiff cannot recover from his injuries, because there was injury to the nerve or to the fibrous membrane of the nerve which comes out from the spinal cord, distinct from the spinal cord, in the region of the second or third lumbar vertebra, and passes down the limb; that nerve is injured outside of the bony encasement. Possibly the injury may extend between the bones slightly, but not to affect the spinal cord. The injury to that nerve would not have been apparent to a skilful eye in two months after the accident. I cannot tell when I first discovered the tenderness; it has been very apparent all through. It was since the examination with Dr. Nichols that I discovered it; I noticed it in January last, and before that. At the examination with Dr. Nichols there was nothing shown that would go to show that there was any long impairment of health. The disease the plaintiff is laboring under is a disease of this nerve. The indications of this disease are the tenderness over the region where the nerve comes out, and the less muscular tension of the limb."

On re-direct examination, Dr. Towle testified that the muscular lameness of the back mentioned in a paper signed by him, hereinafter referred to, was in the same region as the tenderness now testified to ; that the plaintiff never complained of rheumatic pains, and he would have known of it if he had, and that what rendered the use of a crutch necessary was the injury to the back.

The paper above mentioned, which was signed by Dr. Towle and Dr. Nichols, purported to be a statement of the manner in which the injury occurred, and the condition of the plaintiff at the date of the paper. The paper itself was excluded from the jury ; but the judge, against the objection of the plaintiff, permitted the defendant's counsel to read the following portion to the jury : " The fall thus occasioned caused various superficial

bruises on the head, left shoulder, side, and leg, and a severe sprain of the muscles of the back; in consequence of which he was confined to bed for eight days, and was prevented from visiting his place of business for a period of three weeks. Now, at the end of two months from the date of the accident, there still remains some weakness of the left knee-joint, and a muscular lameness of the back, with occasional rheumatic pains in the latter region, rendering necessary the use of crutch and cane. Walking or other exercise still induces physical fatigue; but his bodily functions are in other respects all well performed. While we are both convinced of the reality of all the symptoms complained of, and the absence of exaggeration on his part, we are on the other hand agreed that there exist no signs pointing to any long-continued impairment of health as the after effect of this injury."

The evidence objected to was offered and admitted solely as affecting the testimony of Dr. Towle.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*S. B. Allen & J. K. Berry*, for the plaintiff.

*W. Gaston & E. O. Shepard*, for the defendant.

BY THE COURT. The extract from the paper signed by Dr. Towle was properly admitted, as a statement made by him at a former time, tending to contradict his testimony on the stand. The fact that the paper was also signed by Dr. Nichols was immaterial. The court did not rule that the paper was admissible, or that it was competent to prove that Dr. Nichols had signed it. The ruling was, that it was competent for the defendant to read to the jury such parts of the written statement as contradicted the testimony of Dr. Towle. To this ruling the plaintiff has no ground of exception.

*Exceptions overruled.*